IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.                          CRIMINAL ACTION NO. 2:17-cr-00125

ANTOINE E. SKAFF,

MEMORANDUM OPINION AND ORDER

Pending before the court is a Motion for Home Confinement Under Second
Chance Act/Reduction of Sentence Under the First Step Act filed by Defendant
Antoine E. Skaff. [ECF No. 41].[1]  For the reasons that follow, Mr. Skaff's Motion is
**DENIED.**

On August 21, 2017, Skaff pled guilty to one count of health care fraud, in
violation of 18 U.S.C. § 1347. On December 7, 2017, Skaff was sentenced to 60 months

---

[1] The First Step Act contains the Second Chance Reauthorization Act of 2018. This
act reauthorizes appropriations for and expands the scope of some grant programs
that were initially authorized under the Second Chance Act of 2007 (P.L. 110- 199).
The reauthorized programs include the Adult and Juvenile State and Local Offender
Demonstration Program, Grants for Family-Based Substance Abuse Treatment,
Careers Training Demonstration Grants, the Offender Reentry Substance Abuse and
Criminal Justice Collaboration Program, and the Community-Based Mentoring and
Transitional Service Grants to Nonprofit Organizations Program. The act also
reauthorized and modified a pilot program that allows BOP to place certain elderly
and terminally ill prisoners on home confinement to serve the remainder of their
sentences.

*The First Step Act of 2018: An Overview,* Congressional Research Services, March 4,
2019, https://fas.org/sgp/crs/misc/R45558.pdf.

in prison, to be followed by a three-year term of supervised release. Skaff had a voluntary surrender date of January 10, 2018 and is currently incarcerated. His projected release date is April 13, 2022.

The First Step Act of 2018 expressly allows courts to modify a term of imprisonment. *United States v. Wirsing*, 943 F.3d 175, 184 (4th Cir. 2019). Section 404 of the First Step Act applies the statutory relief of the Fair Sentencing Act of 2010 retroactively to eligible defendants. In order to be eligible for a reduced sentence under the Act, a defendant must have (1) been sentenced before August 3, 2010 and (2) been convicted of an offense involving crack cocaine under a statute which was amended by the Fair Sentencing Act. Skaff's conviction was not pursuant to a statute modified by the Fair Sentencing Act. Therefore, Skaff is not eligible to receive a reduced sentence in this case pursuant to Section 404 of the First Step Act.

The First Step Act reauthorizes 34 U.S.C. § 60541(g)(1), the Second Chance Act's home confinement pilot program, allowing the Bureau of Prisons ("BOP") to place certain eligible prisoners on home confinement. *Lewis v. Rios*, No. 19-CV-1030 (SRN/ECW), 2020 WL 555373, at *2 (D. Minn. Jan. 13, 2020), report and recommendation adopted, No. 19-CV-1030 (SRN/ECW), 2020 WL 553483 (D. Minn. Feb. 4, 2020). Eligible prisoners include the elderly, meaning inmates who are at least 60 years old; have no been convicted of a crime of violent; and have served two-thirds of their term of imprisonment. *See id.*; 34 U.S.C. § 60541(g)(5)(A).

With respect to home confinement, the First Step Act amended 18 U.S.C. § 3624(c)(2) to provide the following:

Home confinement authority. – The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months. *The Bureau of Prisons* shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph.

18 U.S.C. § 3624(c)(2); First Step Act of 2018, § 602, 132 Stat. at 5238 (emphasis added).

Thus, the First Step Act plainly provides the Bureau of Prisons ("BOP") with the discretion to place prisoners on home confinement—not the courts. *See e.g.*, *United States v. Benn*, No. 19-7495, 2020 WL 1514809, at *1 (4th Cir. Mar. 30, 2020) ("[T]o the extent that [Defendant] argues that the district court should have ordered home confinement or recommended placement in a halfway house pursuant to § 602 of the First Step Act, we find that [Defendant] is not eligible for such relief under the relevant statute, 18 U.S.C. § 3624(c) (2018)."); *Marshall v. Hudson*, No. 19-3236, 2020 WL 1131228, at *4 (10th Cir. Mar. 9, 2020); *Geraci v. Hudkins*, No. 5:19-CV-290, 2020 WL 1330353, at *2 (N.D.W. Va. Mar. 23, 2020) ("[T]he decision whether to make [home confinement] placement is clearly a matter of prison management within the knowledge and expertise of BOP officials, this Court cannot intervene in that decision unless a clear constitutional violation occurred."); *Dudgeon v. Rios*, Case No. 19-cv-1489 (SRN/DTS), 2019 WL 5418192, at *1 (D. Minn. Oct. 23, 2019) ("[D]iscretion about placement in the Elderly Offender Program lies with the Attorney General and the BOP."). Although Skaff could potentially be eligible as an elderly prisoner, I find I lack the authority to order Skaff into home confinement.

For the reasons stated herein, Defendant Antoine E. Skaff's Motion for Home Confinement Under Second Chance Act/Reduction of Sentence Under the First Step Act, [ECF No. 41], is **DENIED.** The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:    April 3, 2020

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE