IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.  CRIMINAL ACTION NO. 2:17-cr-00125

ANTOINE E. SKAFF,

MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant Antoine E. Skaff's pro se Emergency Motion for Compassionate Release / Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1) and § 3224(c) CARES Act. [ECF No. 49]. For the reasons that follow, the motion is **DENIED**.

I.  Background

On August 21, 2017, Mr. Skaff pled guilty to one count of health care fraud, in violation of 18 U.S.C. § 1347. [ECF No. 9]. On December 7, 2017, I sentenced Mr. Skaff to 60 months in prison, to be followed by a three-year term of supervised release. [ECF No. 26]. Mr. Skaff is currently serving his sentence at the Federal Correctional Institution in Morgantown, West Virginia ("FCI Morgantown").

On March 5, 2019, Mr. Skaff petitioned this court for Home Confinement Under Second Chance Act/Reduction of Sentence Under the First Step Act, [ECF No. 41], which this court denied on April 3, 2020. [ECF No. 46].

Mr. Skaff requested compassionate release from the Warden of FCI

Morgantown, which the Warden received on May 11, 2020 and denied. Ex. 3 [ECF No. 49–3]. On June 4, 2020, Mr. Skaff petitioned this court for compassionate release because of his age and the current public health crisis caused by COVID-19. [ECF No. 49].

## II.   Discussion

The First Step Act "embodies Congress's intent to reduce the Bureau of Prison's authority over compassionate release petitions and authorizes the district courts to exercise their independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *United States v. Galloway*, No. CR RDB-10-0775, 2020 WL 2571172, at *3 (D. Md. May 21, 2020) (internal citations removed); *see also United States v. Stephenson*, No. 3:05-CR-00511, 2020 WL 2566760, at *5 (S.D. Iowa May 21, 2020) ("Unqualified deference to the BOP no longer makes sense now that the First Step Act has reduced the BOP's role.").

For me to reduce Mr. Skaff's sentence under compassionate release, I must find that Mr. Skaff has exhausted his administrative remedies or waited 30 days from petitioning the Warden, has demonstrated "extraordinary and compelling reasons," is not a danger to the safety of others, and find that his release is consistent with § 3553(a) factors. *See e.g., United States v. Howard*, No. 4:15-CR-00018-BR, 2020 WL 2200855, at *2 (E.D.N.C. May 6, 2020); U.S.S.G. § 1B1.13 (2018).

### a) Exhaustion of Administrative Remedies and Section 3582(c)(1)(A)

The First Step Act empowers criminal defendants to request compassionate

release for "extraordinary and compelling reasons." 18 U.S.C § 3582(c)(1)(A)(i). But before they make such requests, defendants must ask BOP to do so on their behalf and then wait 30 days. *See* § 3582(c)(1)(A). Upon such a motion from BOP or from a defendant (after BOP denies the request or thirty days have elapsed since the request was filed), a court "may reduce the term of imprisonment…." 18 U.S.C. § 3582(c)(1)(A)(i).

Here, Mr. Skaff requested relief from the Warden, and the Warden received the request on May 11, 2020. Thus, 30 days have passed since the Warden's receipt of the request. Although Mr. Skaff petitioned the court on June 4, 2020, before 30 days had passed since the Warden's receipt, I find it would be a waste of judicial resources to have Mr. Skaff refile the motion now that 30 days have elapsed since the Warden's receipt of the compassionate release request. Accordingly, Mr. Skaff can petition the court for compassionate release pursuant to the statute.

### b) Extraordinary and Compelling Reasons

Once an inmate has satisfied administrative exhaustion or waited 30 days since petitioning the Warden, courts may reduce their sentences upon a finding of "extraordinary and compelling reasons." *See* 18 U.S.C. § 3582(c)(1)(A).

There are "disagreements [among district courts] about the precise definition of 'extraordinary and compelling reasons' justifying compassionate release."[1] *United*

---

[1] The specific extraordinary and compelling reasons listed in the Sentencing Guidelines for BOP to consider include i) the defendant is suffering from a terminal or serious medical condition; ii) age of defendant; iii) family circumstances of defendant; and iv) "other reasons." U.S.S.G. § 1B1.13; *United States v. Bass*, No. 1:10-

3

States v. Cotinola, No. 13-CR-03890-MV, 2020 WL 2526717, at *3 (D.N.M. May 18, 2020). But many courts have found "extraordinary and compelling" reasons "supporting release on the basis of a combination of dire prison conditions and underlying health conditions that increase the likelihood of severe illness from COVID-19."[2] See e.g., Bass, 2020 WL 2831851, at *7 (collecting cases).

Here, Mr. Skaff argues he satisfies "extraordinary and compelling reasons" for compassionate release because he is 61 years old. He asserts no health conditions. And FCI Morgantown has no reported cases of coronavirus. The only potential health condition he claims to have is that both his "parents had heart conditions and diabetes, and he is a borderline diabetic." [ECF No. 49] ¶ 6. He also claims that he is "being treated for high cholesterol, with pravastin and aspirin, and is at risk for embolism and cardiac events." *Id.*

I find that Mr. Skaff has not demonstrated extraordinary and compelling

---

CR-166 (LEK), 2020 WL 2831851, at *3–4 (N.D.N.Y. May 27, 2020). "Following the passage of the First Step Act, courts may independently determine whether such 'other reasons' are present in a given case, without deference to the determination made by the BOP." *United States of America v. Thaher,* No. 17 CR. 302-3 (KPF), 2020 WL 3051334, at *4 (S.D.N.Y. June 8, 2020).

[2] "Section 1B1.13 of the United States Sentencing Guidelines contains the only policy statement issued by the Sentencing Commission pertaining to compassionate release," which has not been updated since the passage of the First Step Act. *See Bass*, 2020 WL 2831851, at *3; U.S.S.G. § 1B1.13.[2] Thus, courts have taken this to mean that "there does not currently exist, for purposes of satisfying the First Step Act's 'consistency' requirement, an 'applicable policy statement.'" *See e.g., United States v. Redd*, 2020 WL 1248493, at *6 (E.D. Va. Mar. 16, 2020); *United States v. Brant*, No. 218CR20155TGBMKM1, 2020 WL 2850034, at *4 (E.D. Mich. June 2, 2020); *United States v. Brooks*, No. 07-CR-20047-JES-DGB, 2020 WL 2509107, at *3 (C.D. Ill. May 15, 2020).

4

reasons to grant compassionate release. Mr. Skaff has not demonstrated serious health concerns making him a very high risk for COVID-19, nor has he demonstrated that any cases of COVID-19 exist at FCI Morgantown. Simply a generalized assertion of the existence of the pandemic alone cannot independently justify compassionate release. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Accordingly, I **DENY** his petition for compassionate release.

### III. Conclusion

For the foregoing reasons, Mr. Skaff's petition for compassionate release, [ECF No. 49], is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: June 25, 2020

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

5